No. 2098.—Mrs. M. A. RODDY, Administratrix, *v.* T. C. S. ROBERTSON and H. EDWARDS.

Where the plea of prescription is filed for the first time in the appellate court and the record discloses a state of facts which, if true, would defeat the plea, the case will be remanded for the purpose of admitting proof of the interruption of prescription.

APPEAL from the Sixth District Court, parish of St. Helena. *Ellis, J. Jas. A. Williams*, for appellant. *Russell & Wright*, for appellees.

WYLY, J. Defendants have appealed from a judgment by default made final against them in this suit, which is based upon their promissory note dated January 3, 1855, and due January 3, 1857. This suit was instituted in September, 1866.

They plead in this court the prescription of five years in lieu of plaintiff's action.

There is no evidence in the record that the defendants ever renounced prescription, nor does it appear that the same was ever interrupted by any act on their part.

It is true there appears an endorsement of a credit on the note signed by W. H. Day, on the fourteenth of January, 1860, and another credit endorsed thereon October 2, 1865, which is not signed by any one. We do not think that these endorsements of credits which are not signed by the defendants establish an interruption of prescription.

As the judgment allows these credits, which if fully established, would interrupt prescription, and as the plea of prescription is set up for the first time in this court, we think that justice requires that this case should be remanded.

It is therefore ordered that the judgment appealed from be avoided and annulled, and it is now ordered that this case be remanded for new trial, and that appellee pay costs of this appeal.